# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-1549-REB-CBS

AST SPORTS SCIENCE, INC.,

      Plaintiff,

v.

CLF DISTRIBUTION LIMITED, a British corporation, and
ROBIN HOLIDAY, a foreign citizen of the Country of Britain,

      Defendants

---

## STIPULATION AND PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION RELATED TO JURISDICTIONAL DISCOVERY

---

This Stipulation and Protective Order Regarding Disclosure of Confidential Information Related To Jurisdictional Discovery ("Protective Order") is entered into by Plaintiff AST Sports Science, Inc., Defendant CLF DISTRIBUTION LIMITED, a British corporation and Defendant ROBIN HOLIDAY, a foreign citizen of the Country of Britain (hereinafter referred to as "Defendants"), on the date entered by the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and related solely to the Court's December 9, 2005 Order allowing Plaintiff to undertake Jurisdictional Discovery (and the documents required to be produced in connection therewith). This Stipulation and Protective Order shall not be effective as to any other written or oral discovery undertaken in the above-captioned matter in the event Defendants' Motion To

Dismiss is denied, an Answer is filed, and discovery proceeds based upon the merits of the parties claims and defenses:

In furtherance of Plaintiffs' request to undertake Jurisdictional Discovery and the Court's Order granting said request, Plaintiff and Defendants have sought, disclosed, or produced, or anticipate seeking, disclosing, or producing, documents and other information that may contain sensitive proprietary, business, financial, client and personal information (hereinafter "Confidential Information"). The Court is entering this Order to allow the parties to produce such "Confidential Information" while preserving it from unauthorized, unnecessary disclosure.

Therefore, the parties stipulate and the Court hereby orders that the following principles and procedures designed to ensure the protection of "Confidential Information" will govern the production and disclosure of such "Confidential Information":

1.  **Scope of Order: Documents Covered.** "Confidential Information" will include any document or response to Plaintiffs' pending discovery requests (Interrogatories and Requests For Production of Documents as authorized by the Court on December 9, 2005) designated as such by Plaintiff or Defendant. The terms of this Agreement shall not apply to any information regarding Defendants which Plaintiff has independently obtained from a source other than Defendants' Responses to the Interrogatories and Requests For Production of Documents.

Subject to the foregoing, any party may designate such information as "Confidential Information", so long as the party believes there is good cause for protection as set forth in Fed. R. Civ. P. 26(c).

2.  **Designation Of "Confidential Information".** Information may be designated as "Confidential Information" in the following manner:

2

 a. By imprinting or affixing a label with the word "Confidential" or "CONFID" on the first page or cover of any document; or

 b. By typing the word "Confidential" or "CONFID" or imprinting or affixing a label with the word "Confidential" or "CONFID" next to or above any response to an Interrogatory.

 3. **Objections to Designations.** If a party objects to the opposing party's designation of certain information as "Confidential Information," the objecting party will inform the designating party of such objection in writing within fifteen days of its receipt of the designated information. The parties will attempt first to resolve such dispute in good faith and on an informal basis. If the parties are unable to resolve their dispute, the designating party will raise the issue with the Court (formally or informally) within ten (10) days after the notice of the objection is given by the objecting party. In any such dispute, the designating party will at all times bear the burden of proving the information designated as "Confidential Information" meets the standards for protection set forth in Fed. R. Civ. P. 26(c). The information at issue will continue to have "Confidential Information" status during the pendency of any such dispute and/or motion. If the designating party fails to raise the issue with the Court within the prescribed time, the disputed information shall lose its designation as "Confidential Information" and shall not thereafter be treated as "Confidential Information" under the terms of this Protective Order. Unless the Court finds there has been substantial justification, if the designating party wrongfully designates information as "Confidential Information" and it is later determined by the Court that the information was not entitled to be so designated, the designating party shall be responsible for the

3

attorneys' fees and costs of the other party in any dispute related to that matter, pursuant to both Fed. R. Civ. P. 26 (c) and 37(a)(4).

    4.    **Limitations on Disclosure of "Confidential Information"**. All information disclosed by Plaintiff or Defendants designated as "Confidential Information" will be subject to the following restrictions:

    a.    "Confidential Information" shall be used by the persons or entities to whom such information is disclosed solely for purposes of this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order or by separate Court Order ; and,

    b.    Individuals, including Plaintiff and Defendants, receiving and/or reviewing "Confidential Information' pursuant to this Protective Order will be informed by respective counsel to hold such information in the strictest confidence and not to divulge the information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law or is otherwise allowable under the terms of this Agreement. Individuals who are to receive and/or review "Confidential Information" must agree to be bound by this provision before the information will be disclosed to them, and the information may be provided to them only after they have fully executed an "Acknowledgement of Stipulation and Protective Order", a copy of such being attached hereto as Exhibit "A".

4

5. **Parties' Own Documents.** The fact that some documents are designated as "Confidential Information" under this Order will not affect any party's right to permit material that it designated as "Confidential Information" to be revealed to, discussed with, viewed by, or disclosed to anyone that it wishes. This Protective Order will not affect any party's freedom to deal with its own documents in the manner of its choosing.

6. **Submission of "Confidential Information" to the Court.** Any pleading, brief, or other document filed with the Court that specifically discusses the contents of, quotes from, or incorporates specific information from any "Confidential Information" will be filed in a sealed envelope on which will be written the title of this action and the words, "CONFIDENTIAL INFORMATION COVERED BY COURT ORDER", and shall comply with D.C.Colo.L.Civ.R. 7.2.

7. **Errors in Designation.** A party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction within fifteen days. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after date of designation. A recipient of information which inadvertently was not originally designated as "Confidential Information", but which is later corrected to reflect such status pursuant to this paragraph of the Protective Order shall not be liable to the designating party for any damages

5

whatsoever of any kind or nature which may be caused by the disclosure of such information prior to receipt of a notice of an error in designation.

8. **Improper Disclosure**. If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the party that designated the material, and shall make every effort to prevent further improper disclosure.

9. **Use of Designated Material at Trial**. If a party seeks to introduce Confidential Information into evidence at trial, the party shall promptly inform the Court of the confidential nature of the information and request only the Court, the parties, witnesses being questioned about the Confidential Information and those persons permitted access to such information under this Protective Order be present during the presentation of such evidence.

10. **Survival**. The terms of this Protective Order shall survive termination of this litigation.

**Final Disposition of Confidential Information**. Upon termination of this litigation following settlement or final judgment (including exhaustion of any possible appeals), the originals and all copies of Confidential Information shall be returned to counsel for the parties, who will either destroy them or place them in counsel's files or archives, and counsel will make every effort to ensure that they are maintained there and will not be disseminated to other persons or entities unless required by court order or subpoena.

12. **Copies of Confidential Information**. Counsel for the parties and the parties themselves understand the confidential nature of Confidential Information, and agree to limit their

copying of Confidential Information to that which they believe is reasonably necessary for the prosecution/defense of this litigation. Copies of Confidential Information, and any documents created or prepared that incorporate or reveal Confidential Information, will be subject to the same treatment under this Order as the original Confidential Information.

13. **No Position as to Admissibility.** By agreeing to the entry of this Protective Order, the parties adopt no position as to the admissibility of information disclosed pursuant to the Protective Order. Furthermore, nothing in this Protective Order will preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which Confidential Information will be treated at trial.

14. **Continuing Jurisdiction.** The termination of this action will not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Order, and the Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

This Stipulation and Protective Order Regarding Disclosure of Confidential Information is approved by and entered as an order of the Court.

DATED at Denver, Colorado, this ___ day of January, 2006.

BY THE COURT:

Craig B. Shaffer
U.S. Magistrate Judge

<u>**Agreed to and Approved**</u>:

s/ David M. Miller  
*David M. Miller*  
E-mail: <u>dmm@kutnerlaw.com</u>  
KUTNER MILLER, P.C.  
303 E. 17th Avenue, Suite 500  
Denver, CO 80203  
Telephone: (303) 832-2400  
Facsimile: (303) 832-1510  

Attorneys for Plaintiff  
AST SPORTS SCIENCE, INC.

s/ Kent E. Eichstadt  
*Kent E. Eichstadt*  
E-mail: <u>Eichstadt@mccurdy-eichstadt.com</u>  
MCCURDY & EICHSTADT, P.C.  
1120 Lincoln Street, Suite 1306  
Denver, Colorado 80203  
Telephone: (303) 832-8870  
Facsimile: (303) 832-8871  

Attorneys for Defendants  
CLF DISTRIBUTION LIMITED, a British corporation, and ROBIN HOLIDAY, a foreign citizen of the Country of Britain

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-1549-REB-CBS

AST SPORTS SCIENCE, INC.,

  Plaintiffs,

vs.

CLF DISTRIBUTION LIMITED, a British Corporation,
and ROBIN HOLIDAY, a foreign citizen of the Country of Great Britain,

  Defendants.

---

### ACKNOWLEDGEMENT OF STIPULATION AND PROTECTIVE ORDER

---

    I, _____, declare as follows:

    1.    My relationship/acquaintance with Plaintiff / Defendants (circle one) is

_____

    2.    My business address is _____

_____

    3.    My occupation is_____.

    4.    I have reviewed a copy of the Stipulation and Protective Order Regarding Disclosure of "Confidential Information" (the "Order") in this action, and I understand and agree to be bound by its terms and provisions.

Exhibit A

5.  I will hold in confidence, will not disclose to anyone not qualified or cleared under the Order, and will use only for approved purposes in this litigation, any Confidential Information that is disclosed to me.

6.  I will return all Confidential Information that comes into my possession, and all documents or things that I prepare relating thereto, to counsel for the party by whom I am employed or retained.

7.  I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado and/or the courts of the State of Colorado for the purpose of enforcement of the Order.

8.  I declare under penalty of perjury under the laws of the United States of America and the State of Colorado that the foregoing is true and correct.

DATED:_____

---------------------------------
[Signature]

---------------------------------
[Print name]