**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-01549-REB-CBS

AST SPORTS SCIENCE, INC.,

    Plaintiff,

v.

CLF DISTRIBUTION LIMITED, a British corporation,

    Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS FEES**

**Blackburn, J.**

The matter before me is **Defendants' Motion for Attorneys Fees** [#55], filed March 30, 2006. I deny the motion.

On March 16, 2006, I granted defendants' motion to dismiss this case for lack of personal jurisdiction over defendants in this forum. (*See* Order Granting Defendants' Motion to Dismiss [#52], filed March 16, 2006.) Defendants now seek an award of $22,987.00 in attorney's fees. As authority for this request, defendants rely on section 13-17-201, C.R.S., which provides that

> [i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

Although the statute addresses claims dismissed pursuant to the Colorado Rules of Civil Procedure, federal courts have applied it to dismissals pursuant to Fed.R.Civ.P. 12(b). *See, e.g.*, *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000); *Brammer-Hoelter v. Twin Peaks Charter Academy*, 81 F.Supp.2d 1090, 1102 (D. Colo. 2000). When the statute applies, an award of attorney's fees thereunder is mandatory. *Wark v. Board of County Commissioners of the County of Dolores*, 47 P.3d 711, 717 (Colo. App. 2002).

Plaintiff argues that this section should not apply to this case because this was not a tort action, but rather a contract action with a single appended tort claim.[1] The Colorado courts have never squarely addressed this issue. *See Aztec Minerals Corp. v. State*, 987 P.2d 895, 898 (Colo. App. 1999) (declining to address claim that statute is inapplicable where complaint contains both tort and non-tort claims). Because no Colorado court has addressed the precise question before me, I must predict how the Colorado Supreme Court would interpret the statute given the facts here presented. *Miller v. Automobile Club Of New Mexico, Inc.*, 420 F.3d 1098, 1128 (10th Cir. 2005); *Royal Maccabees Life Insurance Co. v. Choren*, 393 F.3d 1175, 1180 (10th Cir. 2005). The legislative history of the statute indicates an intent to deter the filing of baseless tort cases. *See Krystkowiak v. W.O. Brisben Companies, Inc.*, 90 P.3d 859, 869 (Colo. 2004). As interpreted by the Colorado Supreme Court, "[t]he statute requires courts to

---

[1] Plaintiff also argues that the statute should not apply because the court considered materials outside the pleadings, thereby essentially converting the motion to dismiss into a motion for summary judgment, a situation expressly making the statute inoperative. This argument is precluded by settled law. *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2003) (court may consider documents beyond the pleadings to resolve disputed jurisdictional facts without converting 12(b)(2) motion into a 12(b)(6) motion or one for summary judgment), *cert. denied*, 124 S.Ct. 2907 (2004); *Lorenzen v. United States*, – F.R.D. –, 2006 WL 848427 at *3 (D. Wyo. Feb. 8, 2006) (same).

award defendants reasonable attorney fees whenever an *entire tort action*, *but not a single tort claim*, is dismissed before trial pursuant to C.R.C.P. 12(b)." **State v. Golden's Concrete Co.**, 962 P.2d 919, 925 (Colo. 1998) (emphasis added). Given that interpretation, courts have refused to award attorney's fees under the statute when, for example, only some of the plaintiff's tort claims were dismissed under Rule 12(b), **see Holland v. Board of County Commissioners of the County of Douglas**, 883 P.2d 500, 509-10 (Colo. App. 1994), or when certain claims were reinstated on appeal, **see Rector v. City and County of Denver**, 122 P.3d 1010, 1018 (Colo. App.), **cert. denied**, 2005 WL 3074095 (Colo. 2005). The courts also have focused on the nature of the claims pleaded such that the statute has been held to be inapplicable when a plaintiff pleaded a breach of contract claim, despite the fact that his only available remedy lay in tort under the Colorado Premises Liability Act. **Sweeney v. United Artists Theater Circuit, Inc.**, 119 P.3d 538, 541 (Colo. App.), **cert. denied**, 2005 WL 2181649 (Colo. 2005).

Given the express language of the statute, the professed legislative intent underlying it, and judicial interpretations in other contexts, I conclude that the Colorado Supreme Court would hold that section 13-17-201, C.R.S., is inapplicable to the present case. Whereas the statute is intended to deter the filing of baseless tort cases, this case was principally an action for breach of contract. The appendage of a single tort claim does not alter the essential nature of the action as one seeking to enforce a contract. Indeed, given the lack of specificity with which the fraud claim was pleaded, which defendants themselves argued as an alternative ground for dismissal, the tort claim

seems little more than an after-thought to the main contract claims.  Under these circumstances, granting defendants' request for attorney's fees would require an overly literal interpretation of the statute, which impermissibly would "exalt form over substance without advancing any public policy interest, and would lead to an absurd and illogical result."  ***Employers Insurance of Wausau v. RREEF US Fund-II (Colorado), Inc.***, 805 P.2d 1186, 1188 (Colo. App. 1991).

Granted, the issue might be closer had plaintiff filed numerous tort claims, but it did not.  I simply do not believe that this is the type of case to which the Colorado legislature intended section 13-17-201 to apply.

**THEREFORE, IT IS ORDERED** that  **Defendants' Motion for Attorneys Fees** [#55], filed March 30, 2006, is **DENIED**.

Dated July 14, 2006, at Denver, Colorado.

                                   **BY THE COURT:**

                                   <u>s/ Robert E. Blackburn</u>
                                   **Robert E. Blackburn**
                                   **United States District Judge**